IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 11-CV-60236-CMA**

FRANK MANFRED II,

      Plaintiff,

v.

NATIONAL ASSET RECOVERY
SERVICES, INC.

      Defendant.
_____/

**DEFENDANT, NATIONAL ASSET RECOVERY SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, the Defendant, **NATIONAL ASSET RECOVERY SERVICES, INC.**, by and through its undersigned counsel, and hereby file its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

1. Admitted that this case is an action brought by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq*. All remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

**JURISDICTION AND VENUE**

2. Admitted that this Court has jurisdiction over Plaintiff's federal question claims and supplemental jurisdiction. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations, and therefore denies said allegations.

**PARTIES**

3. Admitted that this Court has jurisdiction over Plaintiff's federal question claims and supplemental jurisdiction. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations, and therefore denies said allegations.

4. Admitted that this Court has jurisdiction over Plaintiff's federal question claims and supplemental jurisdiction. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations, and therefore denies said allegations.

5. Admitted;

6. Admitted.

7. Admitted.

8. Admitted.

## FACTUAL ALLEGATIONS

9. Unknown at this time; therefore denied;

10. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies said allegations.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies said allegations.

12. Unknown at this time; therefore denied;

13. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies said allegations.

14. Admitted;

15. Denied; Defendant demands strict proof thereof;

## COUNT I
## TELEPHONE HARRASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

16. Defendant incorporates by reference the specific response to Paragraphs 1 through and including 15 as if fully stated herein

17. Denied; Defendant demands strict proof thereof;

## COUNT II
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

18. Defendant incorporates by reference the specific response to Paragraphs 1 through and including 17 as if fully stated herein

19. Denied; Defendant demands strict proof thereof

## COUNT III
## HARRASSEMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

20. Defendant incorporates by reference the specific response to Paragraphs 1 through and including 19 as if fully stated herein

21. Denied; Defendant demands strict proof thereof;

22. Admitted;

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Defendant incorporates by reference the specific response to Paragraphs 1 through and including 22 as if fully stated herein

24. Denied; Defendant demands strict proof thereof;

## AFFIRMATIVE DEFENSES

First Affirmative Defense

1. Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k and Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

Second Affirmative Defense

2. Defendant affirmatively alleges that to the extent that any allegations exceed

one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Third Affirmative Defense

3. Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) years statute of limitations under Florida's Consumer Collection Practices Act.

Fourth Affirmative Defense

4. Defendant affirmatively alleges that the Plaintiff failed to mitigate damages, if any, in this case.

Fifth Affirmative Defense

5. Defendant affirmatively alleges that the Plaintiff is not entitled to declaratory or injunctive relief under the Fair Debt Collection Practices Act.

Sixth Affirmative Defense

6. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

Seventh Affirmative Defense

7. Defendant affirmatively alleges that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Eighth Affirmative Defense

8. Defendant affirmatively alleges that the Plaintiff's TCPA fails to state a claim upon which relief can be granted as Defendant had prior expressed consent.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiffs' cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Respectfully submitted,

/s/Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
SOUTH MILAHAUSEN, P.A.

**CERTIFICATE OF SERVICE**

I certify that the foregoing ANSWER was filed and served on **February 24, 2011**, via the Court Clerk's CM/ECF system which will provide notice to the following:

Donald A. Yarbrough, Esq.
P.O. Box 11842
Ft. Lauderdale, FL 33339

/s/Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
SOUTH MILAHAUSEN, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida  32801
(407) 539-1638
(407) 539-2679 (fax)
skohlmyer@southmilhausen.com
Attorney for Defendant